UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LAKUS BROWN,

                                                Plaintiff,        **COMPLAINT**

-against-

                                             07 Civ. 11186 (RMB)

THE CITY OF NEW YORK, P.O. TIMOTHY MERRITT,
and P.O.s JOHN and JANE DOE #1-10, individually and
in their official capacities, (the names John and Jane Doe    **JURY TRIAL DEMANDED**
being fictitious, as the true names are presently unknown),

                                             Defendants.

------------------------------------------------------------------------X

       Plaintiff LAKUS BROWN, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

       4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff LAKUS BROWN is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants P.O. TIMOTHY MERRITT and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On April 11, 2007, at approximately 8:00 p.m., plaintiff LAKUS BROWN was lawfully present on E. 224th Street between Bronxwood Avenue and Paulding Avenue, in the County of Bronx, in the City and State of New York.

14. At aforesaid time and place, plaintiff LAKUS BROWN was suddenly accosted by members of the New York City Police Department.

15. Defendants slammed plaintiff LAKUS BROWN against a wall and then slammed him to the ground.

16. As a result of this unprovoked assault, plaintiff LAKUS BROWN sustained, *inter alia*, a broken tooth and injuries to his face, knees, hip, and hand.

17. Defendants placed plaintiff LAKUS BROWN under arrest despite defendants' knowledge that they lacked probable cause to do so.

18. Defendants transported plaintiff LAKUS BROWN to the 47th Precinct of the New York City Police Department in Bronx, New York.

19. From the precinct, plaintiff LAKUS BROWN was transported to Our Lady of Mercy Medical Center for treatment of the injuries that defendants had inflicted.

20. From the hospital, plaintiff LAKUS BROWN was transported back to the 47th Precinct and from there to Bronx Central Booking.

21. Plaintiff LAKUS BROWN was released from Bronx Central Booking without being charged.

22. Plaintiff LAKUS BROWN was held and detained in police custody for approximately twenty-four hours.

23. As a result of the foregoing, plaintiff LAKUS BROWN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff LAKUS BROWN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff LAKUS BROWN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff LAKUS BROWN's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Each and every individual defendant had an affirmative duty to intervene on plaintiff LAKUS BROWN's behalf to prevent the violation of his constitutional rights.

35. The individual defendants failed to intervene on plaintiff LAKUS BROWN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

36. As a result of the aforementioned conduct of the individual defendants, plaintiff LAKUS BROWN's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants issued legal process to place plaintiff LAKUS BROWN under arrest.

39. Defendants arrested plaintiff LAKUS BROWN in order to obtain a collateral objective outside the legitimate ends of the legal process.

40. Defendants acted with intent to do harm to plaintiff LAKUS BROWN without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff LAKUS BROWN's constitutional rights.

43. As a result of the aforementioned conduct of defendants, plaintiff LAKUS BROWN was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants arrested and incarcerated plaintiff LAKUS BROWN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to using excessive force when taking individuals into custody and arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

49. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **William Springer v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 6845;

- **Chasity Rivera v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 6769;

- **Rafael Santana v. City of New York,** United States District Court, Eastern District of New York, 06 Civ. 2411.

50. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff LAKUS BROWN.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LAKUS BROWN as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff LAKUS BROWN as alleged herein.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LAKUS BROWN was falsely arrested and incarcerated.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff LAKUS BROWN.

56. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff LAKUS BROWN' constitutional rights.

57. All of the foregoing acts by defendants deprived plaintiff LAKUS BROWN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon him;

    D. To be free from malicious abuse of process;

  E.  Not to have cruel and unusual punishment imposed upon him; and

  F.  To receive equal protection under the law.

58. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

## PENDANT STATE CLAIMS

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. On or about April 25, 2007, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

61. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

62. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on July 11, 2007.

63. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

64. Plaintiff has complied with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendant police officers arrested plaintiff LAKUS BROWN in the absence of probable cause and without a warrant.

68. As a result of the aforesaid conduct by defendants, plaintiff LAKUS BROWN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

69. The aforesaid actions by the defendants constituted a deprivation of plaintiff LAKUS BROWN's rights.

**SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**FALSE IMPRISONMENT**

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. As a result of the foregoing, plaintiff LAKUS BROWN was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

72. Plaintiff LAKUS BROWN was conscious of said confinement and did not consent to same.

73. The confinement of plaintiff LAKUS BROWN was without probable cause and was not otherwise privileged.

74. As a result of the aforementioned conduct, plaintiff LAKUS BROWN has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants' aforementioned actions placed plaintiff LAKUS BROWN in apprehension of imminent harmful and offensive bodily contact.

77. As a result of defendants' conduct, plaintiff LAKUS BROWN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant police officers touched plaintiff LAKUS BROWN in a harmful and offensive manner.

80. Defendant police officers did so without privilege or consent from plaintiff LAKUS BROWN.

81. As a result of defendants' conduct, plaintiff LAKUS BROWN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendant police officers issued legal process to place plaintiff LAKUS BROWN under arrest.

84. Defendant police officers arrested plaintiff LAKUS BROWN to obtain a collateral

objective outside the legitimate ends of the legal process.

85. Defendant police officers acted with intent to do harm to plaintiff LAKUS BROWN, without excuse or justification.

86. As a result of the aforementioned conduct, plaintiff LAKUS BROWN suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

89. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

90. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

91. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff LAKUS BROWN.

92. As a result of the aforementioned conduct, plaintiff LAKUS BROWN suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff LAKUS BROWN.

95. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. TIMOTHY MERRITT and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

**EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT TRAINING AND SUPERVISION**

96. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff LAKUS BROWN.

98. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff LAKUS BROWN demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:       New York, New York
             December 10, 2007

_____/s_____

ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1607
New York, NY 10007
(212) 748-3355