UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

LAKUS BROWN,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. TIMOTHY MERRITT, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

07 Civ. 11186 (RMB)

Jury Trial Demanded

Defendants City of New York and Timothy Merritt, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the complaint sets forth a demand for a jury trial, rather than an averment of fact, and accordingly no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Paragraph "9" of the complaint sets forth legal conclusions to which no response is required, except admit that Timothy Merritt was employed by the City of New York as a police officer on April 11, 2007.

10. Paragraph "10" of the complaint sets forth legal conclusions, rather than averments of fact, and accordingly no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that on April 11, 2007, Lakus Brown was present in the vicinity of East 224th Street and Bronxwood Avenue, Bronx, New York.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested by New York City police officers at approximately 8:22 P.M., in the vicinity of East 224th Street and Bronxwood Avenue, Bronx, New York.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that a New York City police officer transported plaintiff to the 47th Police Precinct.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was transported to Bronx Central Booking.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege paragraphs "1" through "29" of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege paragraphs "1" through "36" of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff was placed under arrest.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint, and all subparts thereto.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint and all of its subparts.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege paragraphs "1" through "58" of this answer as if fully set forth herein.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about April 25, 2007.

61. Deny the allegations set forth in paragraph "61" of the complaint, except admit that plaintiff's purported claim has not been settled or adjusted.

62. Admit the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint, except admit that this action was commenced on or about December 12, 2007.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65. Paragraph "65" of the complaint sets forth a legal conclusion rather than an averment of fact, and accordingly no response is required.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege paragraphs "1" through "65" of this answer as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. In response to the allegations set forth in paragraph "70" of the complaint, defendants repeat and reallege paragraphs "1" through "69" of this answer as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's mental state.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege paragraphs "1" through "74" of this answer as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege paragraphs "1" through "77" of this answer as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. In response to the allegations set forth in paragraph "82" of the complaint, defendants repeat and reallege paragraphs "1" through "81" of this answer as if fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the complaint, except admit that plaintiff was placed under arrest.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and reallege paragraphs "1" through "86" of this answer as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. In response to the allegations set forth in paragraph "93" of the complaint, defendants repeat and reallege paragraphs "1" through "92" of this answer as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. In response to the allegations set forth in paragraph "96" of the complaint, defendants repeat and reallege paragraphs "1" through "95" of this answer as if fully set forth herein.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

99. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

100. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

101. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

102. Plaintiff provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

103. There was probable cause for plaintiff's arrest, prosecution, and any search conducted of plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

104. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

105. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

106. Defendant Timothy Merritt has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

107. Defendant Timothy Merritt acted within the lawful and proper exercise of his discretion.

**WHEREFORE,** defendants City of New York and Timothy Merritt request judgment dismissing the complaint, as against them together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 7, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-137
New York, New York 10007
(212) 788-9790

By: ______________________
Amy N. Okereke
Assistant Corporation Counsel
Special Federal Litigation Division

To: Rose M. Weber, Esq.
*Attorney for Plaintiff*
225 Broadway, Suite 1607
New York, New York 10007 (via E.C.F. and first class mail)

Docket No. 07 Civ. 11186 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAKUS BROWN,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. TIMOTHY MERRITT, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

**ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Amy N. Okereke*
*Tel: (212) 788-9790*

*Due and timely service is hereby admitted.*

*New York, N.Y.* .........................................................., *200*

.......................................................................................... *Esq.*

*Attorney for* ..........................................................................

**DECLARATION OF SERVICE BY MAIL**

I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on March 7, 2008, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by counsel for that purpose:

Rose M. Weber, Esq.
225 Broadway, Suite 1607
New York, New York 10007

Dated: New York, New York
March 7, 2008

AMY N. OKEREKE
ASSISTANT CORPORATION COUNSEL