## ROSE M. WEBER
ATTORNEY AT LAW
225 BROADWAY • SUITE 1607
NEW YORK, NEW YORK 10007

FAX: (212) 233-5633                                            TELEPHONE: (212) 748-3355

May 14, 2008

**BY MAIL**
Honorable Ronald L. Ellis
United States Magistrate Judge
500 Pearl Street
New York, NY 10007

Re:   *Lakus Brown v. City of New York, et al.*, 07 Civ. 11186 (RMB) (RLE)

Your Honor:

I represented plaintiff Lakus Brown in this matter between April 20, 2007 and March 21, 2008, on which date I was discharged without cause. I submit this letter-brief in support of my motion for an Order entering a charging lien in the amount of $7,125.00, representing 19 hours of my time at my $375.00 hourly billing rate. I am attaching a listing of my hours for the Court's convenience, and would be happy to brief the issue of my billing rate, if that would be helpful to the Court.

It is beyond question that an attorney who is discharged without cause is immediately entitled to her accrued fees in *quantum meruit*. *See, e.g., Universal Acupuncture Pain Services, P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263 (2d Cir. 2004) (collecting cases). This is true even where, as here, the case was accepted on contingency. *Id.*

It is the attorney's option to pursue the client at once for the fees, or to agree to accept a charging lien. *Id.* at 264, n.6. In deference to my former client's financial situation, I have elected to take the latter approach, while reserving my right to proceed directly against Mr. Brown should the ultimate recovery in this matter be insufficient to cover my fees.

Plaintiff's new counsel may be expected to argue that the determination of my fees should wait until this matter is resolved, either by settlement or at trial. This would be

incorrect, as a matter of law. *Id.* at 263 (stating that "a district court typically should determine *quantum meruit* fees upon request by the discharged attorney.").

Accordingly, I respectfully request that an Order be entered at this time, establishing a charging lien in my favor in the amount of $7,125.00.

Thank you for your consideration in this matter.

Respectfully,

/s

Rose M. Weber (RW 0515)

cc:     Steven A. Hoffner, Esq. (by ECF)

*Lakus Brown v. City of New York, et al.*

**TIME ENTRIES**

| Date | Description | Time |
|---|---|---|
| 04/20/07 | Met with client | 3 hours |
| 04/20/07 | Drafted NOC | ¾ hour |
| 04/25/07 | Filed Notice of Claim | ¾ hour |
| 05/06/07 | Filed retainer statement | ½ hour |
| 05/23/07 | Wrote to Comptroller | ½ hour |
| 07/11/07 | 50-h, client prep and debriefing | 2-¼ hours |
| 08/01/07 | Reviewed 50-h transcript | ½ hour |
| 11/14/07 | Spoke/wrote to hospital | ½ hour |
| 12/09/07 | Reviewed file; drafted complaint | 3 hours |
| 12/11/07 | Prepared papers for filing | 1-½ hours |
| 12/12/07 | Filed complaint and prepared for service | 1 hour |
| 12/12/07 | Put papers out to Aetna for service | ½ hour |
| 12/17/07 | Served summons & complaint on City and did service aff. | ½ hour |
| 01/06/08 | Reviewed file and provided releases | 1 hour |
| 03/07/08 | Discussed case and scheduling w/ ACC | ½ hour |
| 03/07/08 | Reviewed answer | ¼ hour |
| 03/10/08 | Prepped for and attended initial conference | 2 hours |